## HAYES v. CROUSE.

Court of Appeals of District of Columbia.

Submitted January 16, 1928. Decided February 6, 1928.

No. 2023.

Patents ⊙═91(4)—Senior party held properly awarded priority for apparatus for filling gasoline container on top of pumps in use by gasoline stations.

Senior party *held* properly awarded priority in interference proceeding relating to an invention consisting of an apparatus for filling the gasoline container on the top of pumps in use by gasoline stations.

Appeal from Commissioner of Patents.

Interference proceeding between Edmond P. Hayes and Emory Crouse. Decision for the latter, and the former appeals. Affirmed.

D. P. Wolhaupter, of Washington, D. C., for appellant.

A. J. O'Brien, of Denver, Colo., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an interference proceeding relating to an invention which may be described in general terms as an apparatus for filling the gasoline container upon the top of the "pumps" in use at gasoline stations. It may be more particularly described as a gasoline dispensing apparatus, consisting of a glass container with inlet and overflow pipes, by means of which gasoline may be introduced into the container in a manner to prevent foaming, and also to prevent any leaking or siphoning back of gasoline into the storage tank after the container is filled to the level of the overflow pipe. This is accomplished by introducing the intake pipe at the bottom of the glass container, and extending it above the top of the

overflow pipe with vents above that level, then extending it downwardly to its discharging termination at or near the bottom of the container.

The issue of the interference is defined in two counts, reading as follows:

"Count 1. In liquid dispensing apparatus, the combination with a container having an overflow pipe, of means extending above the top of the overflow pipe for supplying liquid to the container, such means being vented to prevent the escape of liquid from the container therethrough.

"Count 2. In liquid dispensing apparatus, the combination with a container having an overflow pipe, of a conduit extending above the top of the overflow pipe for supplying liquid to the container, said conduit being vented to prevent the escape of liquid from the container therethrough."

A third party to the interference met with an adverse decision from the Examiner of Interferences, and took no appeal. Crouse and Hayes are therefore the only parties before us.

Crouse filed his application on December 27, 1921, and is the senior party. He alleged conception of the invention on January 5, 1917, and reduction to practice on December 31, 1919. Hayes filed his application on January 16, 1923. He alleged conception of the invention in March, 1917, disclosure to others on July 1, 1918, and reduction to practice in December, 1919. Each party claims to have manufactured about 5,000 of the devices in question, and that these operated successfully. Both parties have taken testimony.

The Examiner of Interferences found upon the evidence that Crouse had set up two gasoline pumps some time between December 25, 1919, and January 1, 1920, with a top fill apparatus such as is disclosed in his application, and that by January 17, 1920, both of these were complete and tested satisfactorily. Crouse's testimony to this effect is clear, and he is sustained by the testimony of two other credible witnesses. The Examiner found that Hayes had failed to prove conception or reduction to practice prior to January 17, 1920, Crouse's date. Hayes introduced two sketches in evidence which, he alleged, disclose the invention in issue. He claimed that these were made respectively on April 3, 1917, and June 26, 1917, and that he wrote these dates upon the backs of the sheets when the sketches were made. He introduced no proof, however, in corroboration of either sketch; they were therefore held to be mere self-serving declarations,

without probative force, under the rule declared in Kitchen v. Smith, 39 App. D. C. 500. This decision resulted in denying Hayes any earlier date than September, 1920, which is later than that established by Crouse. The Examiner accordingly awarded priority of invention to Crouse. This decision was affirmed, upon appeal, by concurrent decisions of the Examiners in Chief and the Commissioner of Patents.

We have examined the record and briefs, and are satisfied that the concurring decisions of the tribunals of the Patent Office are correct. The discussion of the evidence and law contained in those decisions is clear and convincing, and we deem it unnecessary to enlarge upon them.

The decision of the Commissioner of Patents awarding priority to the party Crouse is affirmed.